1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Raymond S. Camacho,                    )   No. CV-07-1261-PHX-DGC
                                           )
10                 Plaintiff,              )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12  City of Tolleson, an Arizona Municipal )
    Entity; and City of Tolleson Fire      )
13  Department,                            )
                                           )
14                 Defendants.             )
                                           )
15  ─────────────────────────────────────

16          Plaintiff Raymond S. Camacho has been employed by Defendant City of Tolleson Fire

17  Department since approximately 1984.  Dkt. #32 ¶1.  In 2001, Plaintiff filed suit in state

18  court against the Fire Department and others raising claims of discrimination.  *Id.*, Ex. C.

19  The action was subsequently removed and, in 2004, this Court entered an order granting

20  summary judgment for the defendants.  *Id.*, Ex. B.

21          Thereafter, Plaintiff filed four separate charges of discrimination with the Equal

22  Employment Opportunity Commission ("EEOC"):  a February 15, 2005, charge for which

23  he received a notice of right to sue dated March 30, 2005; a November 21, 2005, charge for

24  which he received a notice of right to sue dated March, 27, 2007; a July 12, 2006, charge for

25  which he received a notice of right to sue dated July 12, 2007; and a July 9, 2007, charge for

26  which a notice of right to sue has not been issued.  Dkt. #30-2 at 72-78; *see* Dkt. #29 at 7

27  (chart summarizing these dates and information).

28

1       On June 27, 2007, Plaintiff filed a new action in this Court.  Dkt. #1.  On July 25,

2   2007, Plaintiff filed an amended complaint against the Fire Department and others

3   (collectively, "Defendants"), alleging discrimination.  Dkt. #5.  In particular, Plaintiff asserts

4   that he was demoted and removed from front-line duties in violation of Title VII of the Civil

5   Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967

6   ("ADEA"), and 42 U.S.C. § 1981(a), and that he was harassed, subjected to a hostile work

7   environment, and retaliated against in violation of Title VII and the ADEA.  *Id*.  Plaintiff

8   claims that he suffered loss of pay and pay increases.  *Id*.  Plaintiff's claims of discrimination

9   are premised on his national origin (Hispanic) and age (55).  *Id*.

10       Defendants have moved for partial summary judgment.  Dkt. #29.  We begin with

11   areas where the parties appear to be in agreement.

12   **I.    Matters Not Disputed.**

13       The parties agree that Plaintiff is not asserting claims based on his 2000 removal from

14   front-line duties or his 2001 demotion.  *See* Dkt. ##36, 40.  The parties also agree that

15   Plaintiff's harassment claim under 42 U.S.C. § 1981(a) is subject to a four-year statute of

16   limitations and therefore is timely.  *Id*.

17       Defendants assert that the Title VII claims based on the February 15, 2005, charge of

18   discrimination are untimely.  *See* Dkt. #29.  A party claiming discrimination has ninety days

19   to file suit after receiving a notice of right to sue from the EEOC.  42 U.S.C. § 2000e-5(f)(1).

20   Plaintiff received a right to sue notice on March 30, 2005.  Dkt. #30-2 at 73.  Plaintiff filed

21   his complaint on June 27, 2007, long after the ninety days had expired.  Plaintiff does not

22   address whether his suit based on the February 2005 charge is timely.  *See* Dkt. #36; *see also*

23   *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990) (plaintiff bears the responsibility of

24   showing that a "continuing violation" theory rendered allegations in a charge timely).

25   Therefore, to the extent that Plaintiff asserts Title VII claims based on the February 15, 2005,

26   charge of discrimination, those claims are time-barred.  *See O'Donnell v. Vencor Inc.*, 466

27   F.3d 1104, 1111 (9th Cir. 2006) (dismissing complaint as untimely).

28

1    Defendants assert that Plaintiff has not received a notice of right to sue from the

2    EEOC regarding his July 9, 2007, charge of discrimination.  Dkt. #29.  Plaintiff does not

3    disagree.  Dkt. #36.  Prior to bringing suit under Title VII, a plaintiff must exhaust his or her

4    administrative remedies.  *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).

5    A plaintiff may satisfy this requirement by filing a charge of discrimination with the EEOC

6    and, if the charge is dismissed, receiving a right to sue notice.  *See* 42 U.S.C. § 2000e-5(f)(1).

7    "Failure to observe these requirements renders a suit subject to dismissal in the absence of

8    any equitable consideration to the contrary."  *Karim-Panahi v. Los Angeles Police Dept.*, 839

9    F.2d 621, 626 (9th Cir. 1988) (citations omitted).  Plaintiff has identified no equitable

10   considerations that would excuse the exhaustion requirement.  Therefore, to the extent that

11   Plaintiff alleges discrimination based on claims in the July 9, 2007 charge under Title VII,

12   those allegations are barred for lack of exhaustion.  *See id*.

13   The Court's conclusions regarding timeliness and exhaustion also apply to Plaintiff's

14   ADEA claims.  *See O'Donnell*, 466 F.3d at 1111 (ADEA claims dismissed for untimeliness)*;*

15   *Bankston v. White*, 345 F.3d 768, 776 n.5 (9th Cir. 2003) (noting that, with respect to the

16   ADEA, "a plaintiff who chooses to begin the administrative review process is obliged to

17   exhaust that review before filing a civil action.") (quotes and citation omitted).[1]

18   **II.    Section 1981 Statute of Limitations.**

19   The parties disagree on whether Plaintiff's non-harassment § 1981 claims are subject

20   to a two-year or four-year statute of limitations.[2]  *See* Dkt. #40 at 3-6.  Section 1981 does not

21   specify a statute of limitations.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371

22   (2004).  Congress subsequently enacted 28 U.S.C. § 1658, "a catchall 4-year statute of

23   limitations for actions arising under federal statutes enacted after December 1, 1990."  *Id*.  In

25   [1]They do not apply to claims brought pursuant to § 1981.  *See Surrell v. Cal. Water*
26   *Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (Title VII requires exhaustion of
     administrative remedies, "whereas § 1981 has no such requirement.") (internal quotes and
27   citation omitted).

28   [2]As noted above, the parties agree that the harassment claims are subject to a four-year
     limitations period.  *See* Dkt. ##36, 40.

1   determining which claims are subject to the four-year statute of limitations, the Supreme

2   Court announced the following rule:  "a cause of action arises under an Act of Congress

3   enacted after December 1, 1990 – and therefore is governed by § 1658's 4-year statute of

4   limitations – if the plaintiff's claim against the defendant was made possible by a post-1990

5   enactment."  *Id*. at 382 (alterations and internal quotes omitted).

6         In 1989, the Supreme Court limited the scope of § 1981 actions generally to claims

7   relating to contract formation.  *See Patterson v. McLean Credit Union*, 491 U.S. 164 (1989).

8   In 1991, Congress enacted the Civil Rights Act of 1991 ("1991 Act"), which amended § 1981

9   to expand the definition of "mak[ing] and enforc[ing] contracts" to include the "termination

10  of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the

11  contractual relationship."  42 U.S.C. § 1981(b).  Thus, claims generally involving contract

12  formation were covered by the pre-amendment version of § 1981 (two-year limitations

13  period), while post-contract formation conduct is within the ambit of the 1991 Act (four-year

14  limitations period).

15        Here, the relevant events include Plaintiff's request for front-line engineering duties,

16  comments made by Defendant Tovar regarding Plaintiff's return to front-line duties, and pay

17  disparities as a result of retaliation. Dkt. #36 at 6-8; Dkt. #40 at 4-5.  We will address them

18  separately.

19        **A.    Front-Line Duties.**

20        Defendants argue that Plaintiff's claim about his on-line engineering position is "akin

21  to a request for a promotion or for a certain job assignment, which was a viable claim prior

22  to the 1991 amendment to Section 1981." Dkt. #40 at 3.  All promotions or job assignments,

23  however, do not trigger the pre-amendment version of § 1981.  *See Strother v. S. Cal.*

24  *Permanente Med. Group*, 79 F.3d 859, 876-77 (9th Cir. 1996) (distinguishing between

25  promotions that give rise to a § 1981 claim and those that do not).  There are a number of

26  factors that may be considered in determining whether a promotion constitutes a sufficient

27  change to amount to a new contract, such as new job responsibilities, whether supervisory

28  authority is obtained, whether a different supervisor is identified, and whether the amount

1  or form of compensation is modified.  *See id.*  Defendants have not directed the Court to

2  evidence that would allow the Court to rule, as a matter of law, that Plaintiff's claim

3  concerning the on-line position is actionable under the pre-1991 version of § 1981 and

4  therefore subject to the two-year statute of limitations.

5  **B.    Tovar Comments.**

6  The comments made by Defendant Tovar, while relating to the front-line position, did

7  not alter the contractual relationship between Plaintiff and Defendants.  Plaintiff alleges the

8  comments were "false" and "defamatory."  Dkt. #5 ¶¶14, 15.  The comments are akin to

9  harassment and therefore subject to a four-year statute of limitations.  *See Jones*, 541 U.S.

10  at 383 ("racial harassment relating to the conditions of employment is not actionable under

11  § 1981") (quoting *Patterson*, 491 U.S. at 171) (emphasis removed).

12  **C.    Pay Disparities.**

13  The Supreme Court recently observed that *Patterson*, "for a brief time, seems in

14  practice to have foreclosed retaliation claims" under § 1981 because "victims of an

15  employer's retaliation will often have opposed discriminatory conduct taking place after the

16  formation of the employment contract."  *CBOCS West, Inc. v. Humphries*, No. 06-1431, ---

17  S.Ct. ----, 2008 WL 2167860, at *6 (U.S. May 27, 2008) (emphasis removed).  But after

18  1991, federal courts "again reached a broad consensus that § 1981, as amended, encompasses

19  retaliation claims."  *Id.* at *7.  Accordingly, Plaintiff's claims that he encountered pay

20  disparities as a result of retaliation seem to have been cognizable only after the 1991 Act and

21  thus are governed by the four-year statute of limitations.

22  **III.   Summary.**

23  Plaintiff is not seeking relief based on his 2000 removal from front-line duties or his

24  2001 demotion.  Plaintiff's Title VII and ADEA claims based on the February 15, 2005,

25  charge of discrimination are time-barred.  Plaintiff's Title VII and ADEA claims based on

26  the July 9, 2007, charge of discrimination are barred for lack of exhaustion.  Summary

27  judgment will be granted on these claims.

28

1    Defendants have failed to show that Plaintiff's § 1981 front-line duty claim is subject
2    to a two-year statute of limitations.   Plaintiff's § 1981 harassment and pay disparity
3    retaliation claims, as well as those based on Defendant Tovar's statements, are subject to a
4    four-year statute of limitations.  Summary judgment will be denied on these claims.

5    **IV.    Case Schedule.**

6    At the Case Management Conference on November 14, 2007, counsel for Defendants
7    stated that they desired to file an early motion addressing timeliness and other issues without
8    losing their opportunity to file a later motion for summary judgment.  Defense counsel said
9    they would file the motion within 45 days of the conference, which would have been before
10   the end of 2007.  The Court responded by stating that Defendants could file an early motion
11   without losing their opportunity to assert a later motion and that the Court would rule on the
12   motion within thirty days, but that the Court would not slow down the litigation to
13   accommodate the early motion.  Defendants waited until March 12, 2007, to file this motion
14   – more than three months beyond their stated schedule.  The Court has ruled on the motion
15   within thirty days as promised, but advises the parties that the filing or resolution of this
16   motion will not be grounds for extending the litigation schedule.  The schedule remains as
17   set forth in docket entries 38 and 19.

18   **IT IS ORDERED:**  Defendants' motion for partial summary judgment (Dkt. #29) is
19   **granted in part and denied in part** as set forth above.

20   DATED this 3rd day of June, 2008.

_____
David G. Campbell
United States District Judge